IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. KENNEDY, ) | 4:06CV3167 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| COOPERATIVE PRODUCERS, ) | |
| INC., ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| HEARTLAND COOP, ) | |
| ) | |
| Substituted Defendant. ) | |

This matter is before the Court upon the motion of defendant Cooperative Producers, Inc. for summary judgment (filing 7) and Plaintiff's motion for leave to amend the complaint (filing 10). I first consider Plaintiff's motion.

The complaint[1] names Cooperative Producers, Inc. as the defendant. Plaintiff seeks to amend the complaint to substitute Heartland Coop for Cooperative Producers, Inc. wherever the name Cooperative Producers, Inc. appears. Plaintiff also requests that the complaint as amended relate back as provided in Fed. R. Civ. P. 15(c)(3) and that the initial summons be amended pursuant to Fed. R. Civ. P. 4(a). Cooperative Producers, Inc. responded to the motion for leave to amend by asserting

---

[1] An amended complaint was filed on the same day as the original complaint. (Filings 1 & 4.) The requested amendment would be the second amended complaint. For simplicity, I refer to the amended complaint in filing 4 as "the complaint."

that "Plaintiff has failed to offer any evidence to establish the necessary elements for substituting a new defendant under [Rule 15(c)(3)]." (Filing 14 at 1.) By October 6, 2006 order, the Court directed Plaintiff to file an affidavit setting forth factual support for relating back the amended complaint pursuant to Rule 15(c)(3). Plaintiff has now filed that affidavit.[2] (Filing 16-2.) I will grant Plaintiff's motion for the reasons set forth below.

>Rule 15(c) provides in relevant part as follows:
>
>An amendment of a pleading relates back to the date of the original pleading when
>
>>. . .
>>
>>(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>>
>>(3) the amendment changes the party or the naming of a party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that,

---

[2] I reject Cooperative Producers' assertion that the motion to amend must be denied because no evidence supporting Rule 15(c)(3) relation back was submitted within the twenty days following the filing of the motion for summary judgment or contemporaneously with the motion to amend. (See Filing 14, D.'s Reply to Pl.'s Mot. for Leave to Amend, at 1.) The motion for leave to amend was filed within the twenty days permitted by local rule for responding to motions for summary judgment. NECivR 56.1(b). Although the affidavit was filed outside that period, it was filed within the time provided in the Court's order requesting the affidavit.

>but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

Roberts v. Michaels, 219 F.3d 775 (8th Cir. 2000) is directly on point. There, a Title VII plaintiff named the wrong corporate defendant, which moved for summary judgment on the ground that it was not the plaintiff's employer. The district court denied the plaintiff's motion for leave to amend and dismissed the complaint without prejudice even though the statute of limitations on the Title VII claim had expired, because the plaintiff had failed to serve the proper defendant within the 120 days permitted by Fed. R. Civ. P. 4(m). The Eighth Circuit reversed, finding that although the district court had not considered Rule 15(c)(3), the plaintiff should have been granted leave to amend the complaint and to have the amendment relate back to the date of the original pleading.

Here, as in Roberts, the plaintiff has met the requirements for Rule 15(c)(3) relief. *First*, he has timely sought relief. He "promptly moved to amend to add the proper corporate defendant after [the named defendant, Cooperative Producers, Inc.] disclosed the problem by moving for summary judgment." Roberts, 219 F.3d at 779. *Second*, Plaintiff asserts the same claim in the proposed amended complaint, as required by Rule 15(c)(2) & (3). Id. *Third*, Rule 15(c)(3)(A) is satisfied: Heartland Coop received actual notice of this suit well within the 120-day period permitted by Rule 4(m) for service of the summons and complaint and it "will not be prejudiced in maintaining a defense on the merits . . . ." Cooperative Producers was served with the summons and complaint on July 18, 2006, less than a week after filing of the complaint. (Filing 13). Under the circumstances, notice to Cooperative Producers was notice to Heartland Coop. The named defendant (Cooperative Producers) is the registered agent for the defendant sought to be brought in (Heartland Coop). (Filing 16-2 (Aff. in Supp. of Mot. for Leave to Amend) ¶ 7.) The two entities are related.

Both businesses are located at the same street address. (Id. ¶¶ 9, 12.) The attorneys representing Cooperative Producers in this suit also represent Heartland Coop, and those attorneys represented Heartland Coop during both NEOC and EEOC investigations. (Id. ¶13.) *Finally*, by its participation in the NEOC and EEOC investigations, Heartland Coop "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party" as required by Rule 15(c)(3)(B). Roberts, 219 F.3d at 779 (party to be brought in by complaint relating back had Rule 15(c)(3)(B) knowledge by reason of prior participation in unemployment benefits hearing and EEOC investigation).

Plaintiff has requested that the initial summons be amended under Rule 4(a) to reflect that service on Cooperative Producers, Inc. was also service on Heartland Coop. In Roberts, when the Eighth Circuit remanded with instructions to permit the filing of an amended complaint that related back under Rule 15(c)(3), it also directed that the district court "amend[] the initial summons under Rule 4(a), so that the service on [the named defendant] was also service on [the defendant brought in by the amended complaint]." Pursuant to Roberts and the court's Fed. R. Civ. P. Rule 4(a) discretion to allow amendment of a summons, I will direct the Clerk of the District Court for the District of Nebraska to amend the initial summons.

One matter remains. Cooperative Producers, Inc. has moved for summary judgment for the reason that it did not employ Plaintiff. Plaintiff's motion for leave to amend the complaint is an admission that he was an employee of Heartland Coop and not Cooperative Producers, Inc. I will grant the motion for summary judgment.

Accordingly,

IT IS ORDERED:

1. The motion in filing 10 is granted, as set forth below.

2. Plaintiff is granted leave to file a Second Amended Complaint in the form of the proposed amended complaint submitted in filing 10-3. Once filed, the Second Amended Complaint will relate back to the date the original complaint was filed, as provided in Fed. R. Civ. P. 15(c)(3).[3]

3. The Clerk of the District Court for the District of Nebraska shall substitute Heartland Coop as the defendant, and shall make an entry in the court's CM/ECF system to reflect that the attorneys for Heartland Coop are the same as the attorneys for Cooperative Producers, Inc.

4. The Clerk of the District Court for the District of Nebraska shall make an entry in the court's CM/ECF system to amend the summons in filing 3, providing that service on Cooperative Producers, Inc. was also service on Heartland Cooperative.

5. The motion of Cooperative Producers, Inc. for summary judgment (filing 7) is granted.

October 31, 2006                  BY THE COURT:

                                           *s/Richard G. Kopf*
                                           United States District Judge

---

[3]Plaintiff should note NECivR 15.1, which provides that "[t]he granting of the motion for leave to amend does not constitute filing of the amended pleading. The party to whom the court grants leave to amend must then file the amended pleading, after leave is given."