IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES E. KENNEDY, | ) | 4:06CV3167 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HEARTLAND COOP, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon the motion of the defendant, Heartland Coop ("Heartland"), to dismiss the Fourth Amended Complaint. For the reasons set forth below, I will deny the motion without prejudice to subsequent filing of a motion for summary judgment.

The Fourth Amended Complaint asserts that the plaintiff was discharged because of his age and because he was perceived to have a disability, and that these actions violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-624; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age, Neb. Rev. Stat. Ann. §§ 48-1001 to 1010 (LexisNexis 2002); and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. Ann. §§ 48-1101 to 1126 (LexisNexis 2002 & Cum. Supp. 2006) ("Nebraska FEPA"). The motion seeks dismissal of the state disability discrimination claim for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)[1] and of all claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] Heartland does not assert a jurisdictional challenge to the *state age* discrimination claim or to either of the *federal* claims. (Filing 46, Def.'s Br. in Supp. of Mot. to Dismiss, at 8-9.)

### *Rule 12(b)(1): Lack of Jurisdiction*

A complaint may be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. The challenge may be a facial challenge or a factual attack on the jurisdictional allegations of the complaint. See, e.g., Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). When there is a *facial challenge*, all factual allegations concerning jurisdiction are presumed to be true, and since Fed. R. Civ. P. 8(a) requires only that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends," the 12(b)(1) motion succeeds only "if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. By contrast, when there is a *factual attack* on the jurisdictional allegations of the complaint, "no presumptive truthfulness attaches to plaintiff's allegations," "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims," and the plaintiff has "the burden of proof that jurisdiction does in fact exist." Id. at n.1 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). When there is a factual attack on jurisdictional allegations, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute," without converting the motion into a motion for summary judgment. Id.

Here, the plaintiff filed discrimination charges with both the EEOC and the NEOC. Both federal law and Nebraska law require that any judicial action be brought within a specified time after receipt of notice of the applicable agency's action on the charges. Heartland has made a 12(b)(1) factual challenge to this court's subject matter jurisdiction over the state disability claim, asserting that the complaint was not filed within ninety days after receipt of certified mail notice from the NEOC that the NEOC had taken its "last action" on the NEOC complaint, as required by

Neb. Rev. Stat. Ann. §48-1120.01 (LexisNexis Cum Supp. 2006).[2] Heartland has submitted an affidavit stating that it received certified mail notice of the NEOC's "last action" on the disability discrimination charge on or about February 23, 2006 (which was well over ninety days prior to the filing of this complaint on July 13, 2006), together with an authenticated copy of the notice. (Filing 48-2 (Aff. of Jeffers) & Ex. A (NEOC "Commission Determination")).

Time limits for bringing suit can be seen as jurisdictional prerequisites not subject to tolling or instead as analogous to statutes of limitations which may be tolled. Title VII time limits are not jurisdictional. Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1999) (Title VII requirement that complaint be filed within ninety days of receipt of right-to-sue letter from the EEOC "is not a jurisdictional prerequisite to federal suit and is, therefore, subject to equitable tolling."). I find that compliance with the ninety-day limitations period set forth in section 48-1120.01 is not a jurisdictional requirement, since the analogous provision in Title VII is not jurisdictional. See, e.g., Malone v. Eaton Corp., 187 F.3d 960, 962 n.3 (8th Cir. 1999) (because the Nebraska FEPA is patterned after Title VII, Nebraska courts look to Title VII decisions when construing it.). As compliance with the ninety day period

---

[2]That statute provides as follows:

> The deadline for filing an action directly in the district court is ninety days after the complainant receives notice of the last action the commission will take on the complaint or charge. When entering the last action on the complaint or charge, the commission shall issue written notice of such ninety-day deadline to the complainant by certified mail, return receipt requested. The last action on the complaint or charge includes the issuance of the final order after hearing, the determination of reasonable cause or no reasonable cause, and any other administrative action which ends the commission's involvement with the complaint or charge.

Neb. Rev. Stat. Ann. § 48-1120.01.

is not jurisdictional, I will deny the motion to dismiss the state disability claim insofar as it is based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### *Rule 12(b)(6): Failure to State a Claim*

In determining whether the complaint states a claim upon which relief can be granted, I am required to accept as true all factual allegations in the complaint, but to give no effect to conclusory allegations of law. See Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. Krentz v. Robertson, 228 F.3d 897, 905 (8th Cir. 2000). In other words, dismissal is justified only when the allegations of the complaint itself clearly demonstrate that the plaintiff does not have a claim. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 704 (3d ed. 2004).

Applying this familiar standard, I conclude that the complaint does state disability and age disability discrimination claims. It alleges that Heartland observed the plaintiff performing work in a manner indicating he experienced substantial back and hip pain, and this is sufficient to allege that he was perceived as having a substantially limiting impairment for purposes of the disability claims. As to the age claims, Heartland concedes for purposes of the motion to dismiss that the complaint states that the plaintiff was of a protected age group, that he was terminated, and that there are facts permitting an inference of discrimination. (Filing 46 at 7.) Heartland asserts that the complaint fails to allege facts demonstrating that the plaintiff was

meeting its legitimate expectations, because the complaint references warning letters and performance failures. (Filing 46 at 7-8.) I disagree. The complaint alleges that the plaintiff received a written warning for performance errors on July 14, 2004) but that he "immediately improved his performance," and further alleges that approximately one year later Heartland "began to document Plaintiff's *alleged* performance failures." (Id. ¶¶ 12-14 (emphasis added).) This is a sufficient allegation of meeting the employer's expectations for purposes of a motion to dismiss. Of course, there is a world of difference between alleging facts sufficient to survive a motion to dismiss and surviving a motion for summary judgment once the undisputed facts are established, and it remains to be seen whether this action will survive summary judgment.

For the foregoing reasons, Heartland's motion to dismiss (filing 28) is denied, without prejudice to subsequent filing of a properly supported motion for summary judgment.

April 24, 2007 BY THE COURT:

*s/Richard G. Kopf*
United States District Judge